# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

DWAYNE R. QUINEY,

               Plaintiff,

vs.

DOLLAR GENERAL INC.,

               Defendant.

Case No. 2:17-cv-02690-GMN-VCF

**ORDER**

AMENDED COMPLAINT (EFC NO. 5)

    Before the Court is Plaintiff Dwayne Quiney's amended complaint. (ECF No. 5). The Court hereby orders Quiney to submit a second amended complaint to address issues as discussed below.

## DISCUSSION

    This case centers around an allegation that a Dollar General employee lied to police about Quiney stealing from the store. (ECF No. 4 at 1). On November 2, 2017, the Court ordered that Quiney had until December 8, 2017 to file an amended complaint (1) clarifying who the Defendants are in this case, (2) providing a short and plain statement of the grounds of the Court's jurisdiction, and (3) giving factual details of the alleged defamation. (ECF No. 3 at 3).

    On November 29, 2017, Quiney filed an amended complaint. (ECF No. 5). The amended complaint clarifies that the Defendant is Dollar General (*Id.* at 1) and gives more factual details of the alleged defamation (*Id.* at 2-4). However, the amended complaint fails to address the grounds for this Court's jurisdiction.

    Federal courts have limited jurisdiction and are only able to hear cases authorized by the Constitution and Congress. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1195-96 (9th Cir. 2016). The general bases for federal jurisdiction are (1) the action arises under federal law or that (2) all plaintiffs are

diverse in citizenship from all defendants and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332.

The amended complaint does not show that this Court has jurisdiction based on a federal question. The amended complaint states that is it a civil rights complaint pursuant to 42 U.S.C. §1983. (ECF No. 5 at 1). This is incorrect. "To sustain an action under [42 U.S.C.] § 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Quiney alleges that a Dollar General employee, a private individual, lied about Quiney. (ECF No. 5 at 2-4). If false statements are "made about [plaintiff] by a private individual, he would have nothing more than a claim for defamation under state law." *Paul v. Davis*, 424 U.S. 693, 698 (1976). As previously explained in the Court's November 2, 2017 Order, "[t]hough Plaintiff cites 28 U.S.C. § 4101 (ECF No. 1-1 at 1), the statute merely provides a definition of defamation" relating to foreign judgments. (ECF No. 3 at 2). 28 U.S.C. § 4101 does not apply in this case. Because defamation is a state law claim, the case does not pose a federal question.

The amended complaint also does not show that this Court has diversity jurisdiction. The place to identify the residence of the Defendant is left blank. (ECF No. 5 at 2). In addition, the request for relief is now $20,000, in addition to injunctive relief. (*Id.* at 7). Without information regarding the residence of the Defendant or a showing that the amount in controversy exceeds $75,000, this Court does not have diversity jurisdiction over this case.

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiff has until January 5, 2018 to file a Second Amended Complaint showing (1) the residence of Dollar General and (2) that the amount in controversy exceeds $75,000.

Failure to timely file a Second Amended Complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if a Second Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Second Amended Complaint. The Court will issue a screening order on the Second Amended Complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

## NOTICE

Under Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 5th day of December, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE